UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JORGE PINZON,

                            Plaintiff,                    **ORDER**
    -against-                                        11 CV 3384 (DRH) (WDW)

PAUL LENT MECHANICAL SYSTEMS, INC.
and PAUL LENT in his individual and official
capacities,

                            Defendants.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      On April 13, 2012, this Court granted plaintiff Jorge Pinzon's motion for an entry of default judgment against defendants Paul Lent Mechanical Systems, Inc. and Paul Lent and referred the case to Magistrate Judge William D. Wall, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages and attorneys' fees. On August 21, 2012, Judge Wall issued a Report and Recommendation that judgment be entered against the defendants for the following amounts: (1) $41,269.65 in damages for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for the period between July 16, 2008 and February 23, 2011;[1] (2) $25,118.10 in damages for unpaid overtime compensation under the New York Labor Law ("NYLL") for the period between July 12, 2006 and July 9, 2008; (3) $41,269.65 in liquidated damages under the FLSA; (4) $6,279.52 in liquidated damages under the NYLL; (5) prejudgment interest on the NYLL damages at a rate of nine percent; (6) $6,245 in attorneys' fees; and (7) $1,377 in costs. Defendant Paul Lent Mechanical Systems, Inc. was served with a copy of the

---

[1] To the extent that Judge Wall's Report and Recommendation contains the recommendation that plaintiff be awarded $40,214.40 in accrued overtime wages pursuant to the FLSA (*see* R&R at 6), the Court presumes this to be a typographical error. The correct figure, which is referenced elsewhere in the Report and Recommendation, is $41,269.65.

Report and Recommendation on September 6, 2012, while defendant Paul Lent was served on August 24, 2012.  More than fourteen days have elapsed since service of the Report and Recommendation.  No party has filed any objections.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly, the Court adopts the August 21, 2012 Report and Recommendation of Judge Wall as if set forth herein.  However, while the Court adopts Judge Wall's recommendation to award prejudgment interest on the NYLL damages at a rate of nine percent, the Court is compelled to further address this damages component.

Judge Wall recommended awarding plaintiff "nine percent of his $25,118.10 award under New York Labor Law" but simultaneously determined that the precise amount could not be determined "because it is unclear how the plaintiff calculated the $5,974.80 he seeks." (*See* R&R at 8-9.)  Therefore, Judge Wall recommended that the appropriate amount be awarded when the plaintiff clarifies his calculation.  (*Id.* at 9.)  Although, to date, plaintiff has not provided any such clarification, it is the Court's view that no further clarification is necessary as the amount of prejudgment interest can be determined on the record before it.  As noted in the Report and Recommendation, because prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, the plaintiff is entitled to prejudgment interest only on the unpaid wages awarded under the NYLL from July 12, 2006 through July 9, 2008.  (*See* R&R at 8.)  Pursuant to N.Y. C.P.L.R. 5004, courts ordinarily apply a statutory interest rate of nine percent per annum in determining interest under New York law.  Further, the applicable New York statute dictates that where "damages were incurred at various times, interest shall be

2

computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b). Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994). Since plaintiff's award of NYLL damages covered a period of two years, the Court finds the midway point between this two year period, or July 12, 2007, to be a "reasonable intermediate date" for purposes of calculating prejudgment interest. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). Having already established that prejudgment interest will only be awarded on the unpaid wages under the NYLL, plaintiff is thus entitled to prejudgment interest on $25,118.10 at an annual rate of nine percent, beginning July 12, 2007, until judgment is entered.

The Court therefore directs that plaintiff Jorge Pinzon recover damages from defendants Paul Lent Mechanical Systems, Inc. and Paul Lent for the amounts itemized below, and that judgment be entered accordingly:

(1) $41,269.65 in damages for unpaid overtime compensation under the FLSA from July 16, 2008 through February 23, 2011;

(2) $25,118.10 in damages for unpaid overtime compensation under the NYLL from July 12, 2006 through July 9, 2008;

(3) $41,269.65 in liquidated damages under the FLSA;

(4) $6,279.52 in liquidated damages under NYLL;

(5) Prejudgment interest on $25,118.10 at an annual rate of nine percent, beginning July 12, 2007, until judgment is entered;

(6)  $6,245 in attorneys' fees; and

(7) $1,377 in costs.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 19, 2012

/s/
Denis R. Hurley
Unites States District Judge